UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRENDA COARSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-1454 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| REGIONS BANK CORPORATION, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 23, 2013, plaintiff Brenda Coarsey filed a Complaint (Docket No. 1) against defendant Regions Bank Corporation ("Regions Bank"), asserting claims under the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Regions Bank has filed a Motion for Judgment on the Pleadings under Rule 12(c) (Docket No. 13). In response to the Rule 12(c) motion, Coarsey filed a Response in (partial) opposition (Docket No. 17) and a Motion for Leave to File an Amended Complaint under Rule 15 (Docket No. 16), which would omit the FMLA claim but add allegations relating to the ADA claim. Regions Bank filed a Response to the Motion for Leave to Amend (Docket No. 18), stating that it does not oppose (for obvious reasons) Coarsey's omission of the FMLA claim but that the proposed Amended Complaint does not contain sufficient allegations to establish an ADA claim under the Rule 12(c)/Rule 12(b)(6) standard.

Because Coarsey seeks to file an Amended Complaint that omits the FMLA claim and has not opposed Regions Bank's persuasive argument that the FMLA claim would have failed on the pleadings in the first place, the court will analyze only the sufficiency of the remaining ADA

1

claim as pleaded in the proposed Amended Complaint. The court construes the parties as disputing whether Coarsey's proposed amended ADA claim is futile, an inquiry that is ultimately governed by the Rule 12(b)(6) standard for failure to state a claim. *See Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005); *Foman v. Davis*, 371 U.S. 178 (1962).[1]

In the proposed Amended Complaint, Coarsey alleges that she worked for Regions Bank in Nashville from 1998 through her involuntary termination in early 2012, during which time she performed fourteen years of "dedicated service." In February 2012, she took vacation for approximately two weeks. When she returned to work on February 27, 2012, Regions Bank asked her to stop working, to balance her cash drawer, and to report to Regions Bank's main branch. Upon arriving at that branch, a Regions Bank Human Resources representative interviewed her. The representative asked whether Coarsey had looked at her son's Regions Bank accounts and she replied that she had. Coarsey alleges that she had only viewed her son's account and had never run a transaction on it. She alleges that, on March 1, 2012, the Human Resources Department for the Bank confirmed that she had only viewed her son's account and never run a transaction on it. Regions Bank terminated her on an unspecified date thereafter.

Coarsey alleges that other, younger Regions Bank employees who viewed relatives' and acquaintances' bank accounts were not terminated. She alleges that four specific individuals (Allison Smith, Megan Hilton, Tekoa Campbell, and Robin Jenkins), who are below the age of 40, "had engaged in a custom and practice of viewing family members' accounts but [were]

---

[1] The sole issue in dispute concerns the sufficiency of the amended allegations. Regions Bank does not contend that Coarsey's Rule 15(a) motion should be denied on any other grounds, such as "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, [or] undue prejudice to the opposing party." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2011).

never terminated." Coarsey alleges that her supervisor also engaged in this practice but was never terminated. She also alleges that this supervisor knew that Coarsey and the other tellers engaged in the practice. Coarsey also alleges that other employees made comments about her age and length of employment during her last year at Regions Bank. Specifically, she alleges that unspecified individuals told her that she had been "working too long" or that those individuals did not plan to work at the bank as long as she had. Finally, she alleges that she was replaced "by a younger individual."

Regions Bank argues that the allegations, even if viewed in the light most favorable to Coarsey, fail to support the requisite inference that Regions Bank harbored an age-based discriminatory motive for firing Coarsey or that age was the "but for" cause of Coarsey's termination.

At the motion to dismiss stage, an employment discrimination plaintiff is not required to plead the elements of a *prima facie* case under the *McDonnell Douglas* framework, which is "an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510; *see also Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613-14 (6th Cir. 2012). Nevertheless, "[b]road and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC*, 675 F.3d at 614. Thus, "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, and . . . a recitation of the elements of the cause of action is insufficient to state a claim for relief." *Id.* (internal citations and quotation marks omitted). "[T]his standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of

action is insufficient." *Id.* (internal citations and quotations marks omitted) (emphasis in original).

The proposed Amended Complaint contains sufficient allegations to meet Coarsey's limited burden to state an ADA claim. She alleges that younger employees engaged in the same conduct as Coarsey but were not terminated.[2] She also alleges that her supervisor engaged in the same conduct himself and condoned it. Finally, she alleges that other Regions Bank employees made arguably derogatory comments about her age. Certainly, Coarsey will need to tie these allegations together at a later stage in this case: for example, did Regions Bank have any reason to know about the other tellers' or her manager's similar violations of company policy? Did her supervisor or the employees who made the alleged comments have any role in her termination? Be that as it may, those are issues best addressed through the discovery process and at the Rule 56 stage. For purposes of the instant motion, the court must assume the veracity of Coarsey's allegations and draw all reasonable inferences in her favor. Under that forgiving standard, the court finds that the allegations support a reasonable inference that Regions Bank terminated Coarsey because of her age. Therefore, the proposed amended ADA claim is not futile, and the court will grant Coarsey leave to file her proposed Amended Complaint.

Therefore, for the reasons stated herein, Coarsey's Motion for Leave to Amend (Docket No. 16) is **GRANTED**, and Regions Bank's Motion for Judgment of the Pleadings (Docket No. 13) is **DENIED AS MOOT**. Coarsey shall file her Amended Complaint by June 19, 2014.

It is so **ORDERED**.

---

[2] Although pleading facts relating to a *prima facie* case of discrimination is not necessary to survive a Rule 12(b)(6) motion, those facts may be relevant to the sufficiency of a claim. *See, e.g.*, *Davis v. Metro. Gov't of Nashville*, 2011 WL 902138, at *1 (M.D. Tenn. Mar. 15, 2011).

4

Enter this 16th day of June 2014.

_____
ALETA A. TRAUGER
United States District Judge